# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

GEOFFREY BOWEN,

    Plaintiff,

v.                              Case No.

LEXISNEXIS RISK SOLUTIONS INC.,

    Defendant.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, GEOFFREY BOWEN, by and through the undersigned counsel, and hereby sues Defendants, LEXISNEXIS RISK SOLUTIONS INC., for damages and alleges in support thereof:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331.

2. This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

3. Venue is proper in this District pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1391(b)(2) because the acts and transactions occurred here and Defendant transacts business here.

1

## PARTIES

4. Plaintiff, Geoffrey Bowen (hereinafter "Plaintiff" or "Mr. Bowen"), is a natural person.

5. Mr. Bowen resides in Lee County, Florida.

6. Mr. Bowen is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant, LexisNexis Risk Solutions Inc. (hereinafter "LexisNexis"), is a Georgia profit corporation.

8. LexisNexis maintains its principal place of business at 1000 Alderman Drive, Alpharetta, GA 30005.

9. LexisNexis is "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10. LexisNexis is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

11. LexisNexis is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers of the purpose of furnishing consumer reports to third parties as defined by 15 U.S.C. § 1681a(d).

12. Upon information and belief, LexisNexis regularly conducts business in the State of Florida, and maintains a registered agent in the State of Florida.

## FACTUAL ALLEGATIONS

13. Mr. Bowen works in the transportation industry as a professional driver.

14. On or about April 20, 2020, Mr. Bowen was involved in an automobile accident (hereinafter the "Accident") in the State of Florida.

15. Mr. Bowen was not at fault in the Accident, as confirmed by the police report. *See* **Exhibit "A"** attached hereto.

16. Nevertheless, in July 2020, LexisNexis prepared and sold a consumer report about Mr. Bowen to Progressive Corporation (hereinafter "Progressive") that erroneously reported him as being the at-fault party in the Accident.

17. Mr. Bowen made numerous disputes to LexisNexis in an effort to have this erroneous information corrected, to no avail. *See* **Exhibit "B"** attached hereto.

18. Additionally, Mr. Bowen made numerous calls to LexisNexis between August 2020 and December 2020 in an effort to discuss the issue with a LexisNexis representative, but was unable to speak to an actual person.

19. On or about January 2, 2021, Mr. Bowen finally received a call from a LexisNexis representative (hereinafter the "Lexis Rep") regarding his disputes.

20. After discussing the issue with the Lexis Rep, who reviewed documents Mr. Bowen previously submitted to LexisNexis, she agreed that Mr. Bowen was not at fault in the Accident, but stated that she could not have the erroneous information corrected because that was "above [her] pay grade".

21. The Lexis Rep provided Mr. Bowen with instructions on how to have the information corrected by LexisNexis.

22. Specifically, the Lexis Rep told Mr. Bowen to mail his dispute to the LexisNexis Consumer Center at P.O. Box 105108, Atlanta, GA 30348-5108 (hereinafter the "Consumer Center").

23. Mr. Bowen followed the Lexis Rep's instructions, and mailed written copies of his dispute documents (hereinafter the "Formal Dispute") to the Consumer Center. *See* **Exhibit "D"** attached hereto.

24. After receiving the Formal Dispute, LexisNexis refused to correct the erroneous information.

25. By reporting that Mr. Bowen was at fault in the Accident when he clearly was not, LexisNexis is in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

26. Mr. Bowen has been severely agitated, annoyed, embarrassed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of LexisNexis as described herein.

27. As a result of the incorrect reporting, Mr. Bowen's automobile insurance premiums increased, as his insurer believed the information reported by LexisNexis that Mr. Bowen had caused the Accident.

28. Further, as a result of the incorrect reporting, Mr. Bowen was turned down for several employment opportunities in the transportation industry, as potential employers clearly believed that Mr. Bowen had caused the Accident.

29. Finally, Mr. Bowen has been damaged by the incorrect reporting in that he has spent a significant amount of time and effort attempting to correct the issue on his credit report, and to mitigate the damages he has suffered with respect to the increased insurance premiums.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *et seq.*

30. Mr. Bowen incorporates by reference 1 – 29 of the paragraphs of this Verified Complaint as though fully stated herein.

31. The foregoing acts and omissions of LexisNexis constitute a violation of the Fair Credit Reporting Act.

32. LexisNexis willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy in credit reports.

33. LexisNexis willfully and/or negligently refused to properly reinvestigate Mr. Bowen's consumer report.

34. LexisNexis willfully and/or negligently violated 15 U.S.C. § 1681e(b).

35. LexisNexis willfully and/or negligently violated 15 U.S.C. § 1681i.

36. LexisNexis willfully and/or negligently violated 15 U.S.C. § 1681i(a)(4).

37. LexisNexis negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by Mr. Bowen in the course of the reinvestigation, in violation of 15 U.S.C. § 1681i(a)(4).

38. LexisNexis willfully and/or negligently violated 15 U.S.C. § 1681i(a)(5).

39. In response to the request for reinvestigation, LexisNexis improperly verified the trade lines as correct, and refused to remove the inaccurate information, in violation of the requirements of 15 U.S.C. § 1681i(a)(5).

40. LexisNexis has negligently and/or willfully failed to conduct a proper reinvestigation of the tradelines in violation of 15 U.S.C. §§ 1681i, 1681(n) and/or 1681(o).

41. As a result of LexisNexis's conduct, actions, and inactions, Mr. Bowen suffered actual damage, as his automobile insurance premiums increased, he was denied employment, and he has spent considerable efforts attempting to fix the error on his credit report.

42. As a result of LexisNexis's conduct, actions, and inactions, Mr. Bowen has suffered emotional distress, humiliation, mental anguish and damages to his creditworthiness, along with loss of opportunity.

43. LexisNexis's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles Mr. Bowen to actual damages, statutory damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

44. Additionally, the court may award punitive damages under 15 U.S.C. § 1681n. Mr. Bowen hereby alleges that punitive damages should be awarded in this case as to LexisNexis.

## TRIAL BY JURY

45. Mr. Bowen is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiff, GEOFFREY BOWEN, having set forth his claims for relief against the Defendant, LEXISNEXIS RISK SOLUTIONS INC., respectfully requests relief in favor of the Plaintiff and against the Defendants:

A. For actual damages;

B. For compensatory damages;

C. For statutory damages;

D. For nominal damages;

E. For punitive damages;

F. For all reasonable legal fees and expenses incurred by his attorney;

G.      For an order directing that the Defendants immediately delete all of the inaccurate information from the Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

H.      For such other and further relief as the Court may deem just and proper.

Dated: October 28, 2021

THE DELLUTRI LAW GROUP, P.A.
1436 Royal Palm Square Blvd
Fort Myers, Florida 33919
Phone: (239) 939-0900
Fax: (239) 939-0588

*/s/ Joseph C. LoTempio*
JOSEPH C. LOTEMPIO, ESQ.
Florida Bar Number: 0086097
jlotempio@DellutriLawGroup.com
  Secondary e-mails (electronic service only):
  Fla.ECF.DellutriLawGroup@gmail.com
  kmichie@DellutriLawGroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida      )
                      ) ss
COUNTY OF Lee         )

Plaintiff, GEOFFREY BOWEN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read this Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge and belief formed after reasonable inquiry.
3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
GEOFFREY BOWEN

Subscribed and sworn to before me this 28th day of October, 2021 by GEOFFREY BOWEN who:

☐ is personally known; or
☒ produced identification FL DL #B500-298-69-004-0

KATHRYN MICHIE
Commission # GG 299276
Expires May 10, 2023
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Notary Public

(SEAL)

9